UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| COURTNEY BESECKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.:4:22-cv-00084-SEB-DML |
| | ) |
| FRANK LOOP, BRANDON REARDON, | ) |
| ZACHARY SCHAEFER, | ) |
| COLTON McPHEETERS, | ) |
| ELISHA AMSLER, MATTHEW MYERS, | ) |
| LOGAN FOREMAN, | ) |
| REBEKAH CARKUFF, | ) |
| MELVIN HUGHES, MIRANDA GEARY | ) |
| CHRISTOPHER ZELIVETZ, | ) |
| DAVID LOCK, ISAAC CRAFTON, | ) |
| SETH CHRISTIAN, KYLE WARREN, | ) |
| ADVANCED CORRECTIONAL | ) |
| HEALTHCARE, INC., | ) |
| USA MEDICAL & PSYCHOLOGICAL | ) |
| STAFFING, P.C., ROY WASHINGTON, | ) |
| COURTNEY NICHOLS, and | ) |
| MARLENA BEACRAFT | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS', FRANK LOOP, BRANDON REARDON, ZACHARY SCHAEFER, COLTON MCPHEETERS, ADVANCED CORRECTIONAL HEALTHCARE, INC., USA MEDICAL & PSYCHOLOGICIAL STAFFING, P.C., ROY WASHINGTON, COURTNEY NICHOLS, AND MARLENA BEACRAFT, REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants, Frank Loop, Brandon Reardon, Zachary Schaefer and Colton McPheeters ("County Defendants"), by counsel, and Advanced Correctional Healthcare, Inc. ("ACH"), USA Medical & Psychological Staffing, P.C. ("USA"), Roy

1

Washington, Courtney Nichols, and Marlena Beacraft ("Medical Defendants"), by counsel, for their Reply to Plaintiff's Response to their Joint Motion to Dismiss, state as follows:

## I. *BESECKER I* JUDICIALLY NOTICED UPDATES[1]

(1) Seven depositions have been completed and discovery has closed. (*Besecker I*, Dkt. Nos. 70, 83-1, 83-3, 83-4, 83-5, 83-6, 83-7, 83-9, 83-22.)

(2) The parties have all obtained and disclosed experts and the deadline to disclose said experts has closed. (*Besecker I*, Dkt. No. 27.)

(3) All Defendants have filed their Motion for Summary Judgment. (*Besecker I*, Dkt. Nos. 81-83; Dkt. Nos. 88-89.)

(4) No Defendants have raised the PLRA as an affirmative defense either in their Answers or Motions for Summary Judgment. (*Besecker I*, Dkt. Nos. 20, 32, 82, 89.)

(5) The Court has not ruled on Plaintiff's Motion for Voluntary Dismissal, leaving the duplicate suits pending.

(6) Plaintiff has made clear that regardless of agreed stipulations of Defendants waiving PLRA defenses or restrictions in *Besecker I*, she would not dismiss *Besecker II*. (*Besecker I*, Dkt. No.. 68, pp. 3-8.)

## II. REPLY TO PLAINTIFF'S ARGUMENTS

1. Plaintiff's pending Motion to Dismiss in *Besecker I* does not Negate the Duplicity of *Besecker I* and *Besecker II*.

---

[1] These Defendants respectfully request the Court to take judicial notice of the *Besecker I* action, which is appropriate in this circumstance as public court documents are judicially noticeable. *See Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012)(holding that public court documents are judicially noticeable); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Plaintiff seemingly argues *Besecker II* is not duplicative because she filed a motion to voluntarily dismiss *Besecker I*, and Plaintiff presumes that Motion will be granted. The problem with that argument is the Court in *Besecker I* has not granted her motion, nor is it likely to, given that the bases for granting such a motion do not exist.

Specifically, the Seventh Circuit has set forth factors for the Court to consider when deciding whether to grant a Plaintiff's motion for voluntary dismissal, though the ultimate discretion lies with the trial court judge: (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation for the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant. *Pace v. S. Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969).

With regard to the first factor and as noted above, discovery and expert disclosures have closed and all Defendants have moved for summary judgment at significant time and expense. *Besecker I* is nearing a conclusion through either dispositive motions and/or trial, and Plaintiff is requesting to restart that case from scratch in *Besecker II.*

The second factor, excessive delay or lack of diligence by plaintiff in prosecuting the action, also weighs against dismissal. Plaintiff did conduct any depositions until after the original discovery deadline expired in *Besecker* I, after the Court generously granted her last hour request to extend the deadline. [*Biesecker I*, Dkt. 60.] Moreover, Plaintiff only moved to dismiss *Besecker I* after she alleges she discovered, through her own deposition testimony on May 24, 2022, that she was incarcerated when she filed

3

her *Besecker I* Complaint. Notwithstanding Plaintiff's alleged unawareness of her own incarceration status until she, herself, testified to that effect, she did not file the motion to dismiss until July 6, 2022. While Plaintiff claims she needed to file Besecker II to avoid the PLRA's constraints, Plaintiff was released from Jail on July 21, 2021 nearly a year before she actually filed *Besecker II* and her Motion to Dismiss *Besecker I* on PLRA grounds on July 6, 2022. *See Besecker I, Dkt. No. 89-8, p. 11:20-22.*

With regard to the third factor, Plaintiff's stated reasons for her motion to dismiss—i.e., avoiding application of the PLRA's affirmative defenses—are insufficient to warrant dismissal because no Defendant in either *Besecker I* or *Besecker II* has ever raised it as a potential defense in either case. To the extent the additional Defendants in *Besecker II* have yet to file an Answer, those Defendants can represent herein that they do not plan to raise a PLRA defense in *Besecker II*, or in *Besecker I* if attempts to add them to that case are made. Further, an affirmative defense like the PLRA's failure to exhaust defense is waived if it is not asserted in a party's answer or in a subsequent motion to dismiss. *Jones v. Bock*, 549 U.S. 199, 211-12 (2007); *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999); *See also Venters v. City of Delphi,* 123 F.3d 956, 968 (7th Cir.1997); *Baker v. Chicago Fire & Burglary Detection, Inc.,* 489 F.2d 953, 955 (7th Cir.1973); *MCI Telecomm. Corp. v. Ameri–Tel, Inc.,* 852 F.Supp. 659, 666 (N.D.Ill.1994) (affirmative defense raised for first time in response to summary judgment motion was waived); *see also Simmons v. Ellena,* No. 96 C 6797, 2002 WL 31176161, at *2 (N.D.Ill. Sept. 30, 2002)(defendants waived failure-to-exhaust argument under PLRA by failing to raise it as an affirmative defense). Thus, Plaintiff's fear that Defendants might raise the PLRA

4

"later in litigation" are unfounded. The Defendants in *Besecker I* (improperly added to this duplicative suit) could not raise a PLRA defense even if they wanted to, and any additional Defendants added to *Besecker II* forfeit that defense as well.

With regard to the fourth factor, Defendants have already filed summary judgment, after expending significant resources on discovery, disclosing expert witnesses, and participating in onerous motions practice. To allow the voluntary dismissal of *Besecker I* as the case nears its conclusion, only to restart the process in *Besecker II*, greatly prejudices the Defendants and taxes the resources of the judiciary

The case law from Illinois, New York and Oklahoma Plaintiff cites In support of her argument that courts have approved voluntary dismissal for purposes of refiling to avoid the PLRA's constraints, are inapposite because those voluntary motions to dismiss were filed early in the case before the conclusion of discovery and before summary judgment motions were filed. In *Besecker I*, all discovery deadlines have passed and all Defendants have filed Motions for Summary Judgment. In addition, those cases did not deal with the issue of improper claim splitting as Defendants have asserted herein. In sum, *Besecker I* is not dismissed, it is unlikely to be dismissed, based upon the foregoing, and *Besecker I* and *Besecker II* are, in fact, improperly duplicative.

2. The *Besecker I Defendants* should be Dismissed from this Lawsuit as Meeting all the Requirements of Claim Splitting.

Claim splitting blocks a Plaintiff from filing a second lawsuit if there is "1) an identity of the parties in the two suits; … [and 2)] and identity of the causes of action." *Scholz v. U.S.*, 18 F.4th 941, 952 (7th Cir. 2021). As noted in Defendant's Motion to

5

Dismiss, all of these factors apply to the Defendants named in *Besecker I* which are improperly included in *Besecker II*, including Defendants Loop (in his individual and official capacities, Reardon, Schaefer, Washington, Nichols, and Beacraft. *See Dkt. No. 33, p. 8-9.* All the factors of claim splitting with regard to these Defendants are present and Plaintiff provides no reason as to why they are not, other than to state he filed a Motion to Voluntarily Dismiss *Besecker I*. Again, that motion has not been granted and duplicative cases are still pending. Given the identity of these Defendants and the identity of the legal claims against them, they must be dismissed from *Besecker II* because Plaintiff has improperly split his claims against them into two duplicative lawsuits.

   3. <u>Plaintiff's Claim against newly named Defendant, Colton McPheeters (and other unserved County Defendants), USA, and ACH should still be Barred as Improper Claim Splitting and/or Pursuant to Fed. R. Civ. P. 16.</u>

Again, Defendants do not dispute that Colton McPheeters[2] (and other unserved parties), USA, and ACH are new parties and not in privity with the other Defendants named in *Besecker I*. However, the allegations against the added County Defendants who are referred to as "jail staff" in *Besecker I* remain unchanged—they are just now identified and named as parties. In addition, USA and ACH were identified as early on

---

[2] Plaintiff argues losing her claims against Colton McPheeters would be prejudicial because she learned of his identity on July 21, 2022—i.e., after the deadline to amend had already passed. That assertion ignores that Plaintiff completed no depositions prior to the expiration of the discovery deadline in *Besecker I* then on July 19, 2022 requested to depose the "officer or officers who responded to her complaints of vaginal bleeding," during which time the undersigned took immediate steps to determine who that individual was and provided said information on July 21, 2022. [*Besecker I*, Dkt. 69, pp. 1-2.] More importantly, it ignores that she filed her Complaint in *Besecker II* against McPheeters on July 6, 2022, *see* Dkt. 1—i.e., prior to her allegedly learning of his existence for the first time. In other words, she was not "held up" from suing him prior to July 21, 2022 as she infers and in fact sued him prior to that date.

6

in discovery in *Besecker I*, but Plaintiff never sought to add them to that lawsuit.[3] *Besecker I*'s case management plan required that all these potential defendants be added as parties within a certain timeframe set by the Court, but Plaintiff failed to do so.

Claim splitting still bars these claims because the doctrine precludes a plaintiff from alleging claims that arise from the same transaction or events that underlie claims brought in a previous lawsuit. *Rexing Quality Eggs v. Rembrandt Enterprises, Inc.*, 392 F. Supp. 3d 965, 971-73 (S.D. Ind. 2019), aff'd, 953 F.3d 998 (7th Cir. 2020). "[T]he rule against claim splitting . . . bars not only those issues that were actually decided in a prior lawsuit, but also all issues which *could have been raised* in that action." *Id.* at 971-72 (citing *Barr v. Bd. of Trustees of W. Ill. Univ.*, 796 F.3d 837, 839 (7th Cir. 2015); *see also Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011); *Wilson v. City of Chicago*, 120 F.3d 681, 687 (7th Cir. 1997)(emphasis added). Here, Plaintiff *could have* sued these Defendants in *Besecker I* but failed to even attempt to add them as a party, such that these claims should be barred.

The proper procedure was for Plaintiff to seek the *Besecker I* Court's leave to add him as a party. Had he done so, either: (1) these new Defendants would have been a party to *Besecker I*, rendering *Besecker II*'s Complaint duplicative and barred by claim splitting, *See Elmhurst Lincoln-Mercury, Inc. Emps. 401(k) Profit Sharing Plan & Tr. v. Mears*, 215 F. Supp. 3d 659, 665-70 (N.D. Ill. 2016)("[o]ften, the rule against claim

---

3

splitting applies to prevent a plaintiff from filing a new lawsuit after the court in an earlier action has denied the plaintiff's request for leave to amend to add the claims later asserted in the second lawsuit"); or (2) the Court would have denied Plaintiff's motion and she would have had the ability to appeal that decision.

However, Plaintiff disregarded the *Besecker I* Court's Case Management Plan altogether and opted to file a separate suit rather than seek the first Court's leave. Plaintiff contends she did not seek the Court's leave to add these new Defendants because had she added them as Defendants to *Besecker I*, she would have been subject to the PLRA's constraints. However: (1) Defendants have never raised a PLRA defense; (2) had she added these new Defendants s to *Besecker I* as mandated by the Case Management Plan, her claims against him would be "in the same boat" as her claims against the duplicative Defendants and still subject to the Court's ruling on her voluntary motion to dismiss which she seems to argue is sufficient to avoid the PLRA's constraints and Defendants' claims of claim splitting; and (3) most importantly, the fact that Defendants had a potential defense to her claim does not defeat the fact that she *could have* and in fact pursuant to the *Besecker I*'s Case Management Plan was *required to* bring them in the first action.

"[C]ase management depends on enforceable deadlines," and "[i]n managing their caseloads, district courts are entitled to—indeed they must—enforce deadlines." *Flint v. City of Belvidere*, 791 F.3d 765, 768 (7th Cir. 2015). Plaintiff's failure to obey the Court's order in *Besecker I* to add McPheeters, USA, ACH, and the other unserved FCSD employees in a timely fashion, as well as her failure to even attempt to comply should

8

not be permitted. Where a party "fails to obey a scheduling or other pretrial order," Fed. R. Civ. P. 16 (f)(1)(C), coupled with Fed. R. Civ. P. 37(2)(a) allows for sanctions including striking pleadings in whole or in part or dismissing the action in whole or in part. Here, Plaintiff's claim against all parties should be dismissed pursuant to Fed. R. Civ. P. 16(f)(1)(C).

> 4. <u>Lack of Final Judgment against Plaintiff and any similarity of legal claims presented in Besecker I and Besecker II does not Defeat Defendants' Motion to Dismiss.</u>

Plaintiff argues that the doctrine of claim splitting does not bar his claims because there has been no final judgment in *Besecker I*, and he is not trying to take a "second bite at the apple" because he has not asserted a new legal theory in *Besecker II*. However, the case law in the Seventh Circuit is clear that res judicata's "finality of judgment" requirement is *not* a requirement for precluding a second duplicative suit due to claim splitting. *See Scholz v. United States*, 18 F.4th 941, 950 (7th Cir. 2021)(citing *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011)). In addition, it is of no moment as to whether Plaintiff merely duplicated the same legal theory or came up with a new one, the second element of claim splitting is satisfied if the "claims arise out of the same set of operative facts or the same transaction," which Plaintiff does not dispute. *Id.* (citing *Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011). "That is to say, for claim splitting to apply, the legal theories for the claims in each case need not be the same provided 'they are based on the same, or nearly the same, factual allegations.'" *Id.* Therefore, lack of an adverse judgment does not defeat Defendants'

9

Motion to Dismiss and Plaintiff's claim against all parties should be dismissed pursuant to Fed. R. Civ. P. 16(f)(1)(C) and 12(b)(6).

## CONCLUSION

Plaintiff's Complaint constitutes improper "claim splitting" and circumvention of another court's case management order and should be dismissed as a matter of law.

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

By: *s/ Whitney E. Wood*
R. Jeffrey Lowe, Atty. #21508-22
Whitney E. Wood, Atty. #32449-39
KIGHTLINGER & GRAY, LLP
Bonterra Building, Suite 200
3620 Blackiston Boulevard
New Albany, IN 47150
jlowe@k-glaw.com
wwood@k-glaw.com
Phone: (812) 949-2300
Fax: (812) 949-8556
*Counsel for Defendants,*
*Frank Loop, B. Reardon, Zachary Schaefer, and Colton McPheeters*

/s/ Christopher Andrew Farrington
(with permission)
Carol A. Dillon
Christopher Andrew Farrington
BLEEKE DILLON CRANDALL P.C.
8470 Allison Pointe Blvd., Suite 420
Indianapolis IN 46250
carol@bleekedilloncrandall.com
drew@bleekedilloncrandall.com
*Counsel for Defendants,*
*Advanced Correctional Healthcare, Inc.,*

*USA Medical Staffing, Roy Washington,*
*Courtney Nichols and Marlena Beacraft*

**CERTIFICATE OF SERVICE**

 I hereby certify that on the **17th day of October, 2022,** a copy of the foregoing Reply in Support of Motion to Dismiss was filed electronically with the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Aaron J. Bentley
Gregory A. Belzley
BELZLEY BATHURST & BENTLEY
P.O. Box 278
Prospect, KY 40059
abentley3b@gmail.com
gbelzley3b@gmail.com
*Counsel for Plaintiff*

Carol A. Dillon
Christopher Andrew Farrington
BLEEKE DILLON CRANDALL P.C.
8470 Allison Pointe Blvd., Suite 420
Indianapolis IN 46250
carol@bleekedilloncrandall.com
drew@bleekedilloncrandall.com
*Counsel for Defendants,*
*Advanced Correctional Healthcare, Inc.,*
*USA Medical Staffing, Roy Washington,*
*Courtney Nichols and Marlena Beacraft*

       *s/ Whitney E. Wood*
       Whitney E. Wood