UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| COURTNEY BESECKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00084-TWP-KMB |
| | ) |
| FRANK LOOP, | ) |
| BRANDON REARDON, | ) |
| COLTON MCPHEETERS, | ) |
| ELISHA AMSLER, | ) |
| MATTHEW MYERS, | ) |
| LOGAN FOREMAN, | ) |
| REBEKAH CARKUFF, | ) |
| MELVIN HUGHES, | ) |
| MIRANDA GEARY, | ) |
| CHRISTOPHER ZELIVETZ, | ) |
| DAVID LOCK, | ) |
| ISAAC CRAFTON, | ) |
| SETH CHRISTIAN, | ) |
| KYLE WARREN, | ) |
| ADVANCED CORRECTIONAL | ) |
| HEALTHCARE, INC., | ) |
| USA MEDICAL & PSYCHOLICAL STAFFING, | ) |
| P.C., | ) |
| ZACHARY SCHAEFER, | ) |
| ROY WASHINGTON, | ) |
| COURTNEY NICHOLS, | ) |
| MARLENA BEACRAFT, | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure 16(f), filed by Defendants Frank Loop, Brandon Reardon, Colton McPheeters, Elisha Amsler, Matthew Myers, Logan Foreman, Rebekah Carkuff, Melvin Hughes, Miranda Geary, Christopher Zelivetz, David Lock, Isaac Crafton, Seth

Christian, and Kyle Warren, Advanced Correctional Healthcare, Inc., USA Medical & Psychological Staffing, P.C., Zachary Schaefer, Roy Washington, Courtney Nichols, and Marlena Beacraft. (Filing No. 32.) Plaintiff Courtney Besecker ("Besecker"), a former pretrial detainee at Floyd County Jail (the "Jail") in New Albany, Indiana, allegedly suffered a miscarriage after she was arrested and booked into the Jail. She initiated a civil rights lawsuit against six defendants who worked for Floyd County. *Besecker v. Loop et al.*, No. 4:21-cv-00112-TWP-KMB (S.D. Ind. 2021) (*Besecker I*). Nearly a year after bringing *Besecker I*, Besecker filed the present suit, which includes claims against the *Besecker I* defendants as well as fourteen additional defendants. *Besecker v. Loop et al.*, No. 4:22-cv-00084-TWP-KMB (S.D. Ind. 2022) (*Besecker II*). All of the Defendants argue Besecker's claims in this lawsuit should be dismissed because bringing them in this lawsuit amounts to improper claims splitting. For the reasons, that follow, Defendants' Motion to Dismiss is **granted in part and denied in part**.

## I.     LEGAL STANDARD

Complaints generally must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendants have moved to dismiss Besecker's Complaint under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 16(f). Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

2

When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). However, the court "[is] not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

Federal Rule of Civil Procedure 16(f)(1)(C) authorizes the court to issue any "just" orders, including dismissal, when a party fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(C). "District Courts have the power to control their dockets, and there comes a point when disregard of court rules and orders becomes so serious that sanctions . . . are in order." *Alexander v. Casino Queen, Inc.*, 321 F. App'x 509, 511 (7th Cir. 2009). However, dismissal is considered the "ultimate sanction" and "is reserved for cases in which the offending party has demonstrated willfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000); *see also English v. Cowell*, 969 F.2d 465. 473 (7th Cir. 1992) ("The sanction of dismissal is appropriate only in extreme situations when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.") (cleaned up).

## II.     BACKGROUND[1]

On July 6, 2020, Besecker was arrested and booked into the Jail. (Filing No. 1 ¶ 24.) She reported using heroin, xanax, and fentanyl. *Id.* ¶ 25. She also reported that she was pregnant. *Id.* Besecker was assessed by medical staff and given a pregnancy test, which came back positive. *Id.* ¶ 27. She was placed on "detox watch"; she was not transferred to the hospital. *See id.* ¶¶ 27, 30.

---

[1] The facts are taken from the Complaint and presented in the light most favorable to Ms. Besecker. *See Saint Anthony Hospital v. Eagleson*, 40 F.4th 492, 502 (7th Cir. 2022). In applying this standard, the Court does not vouch for the truth or accuracy of the facts; the Court only assumes them to be true. *Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).  Only facts relevant to Defendants' motion are discussed.

3

Over the course of the next week, Besecker ate very little and experienced severe withdrawal symptoms. *Id.* ¶¶ 32, 34, 36.

Around 4:00 or 5:00 a.m., on July 12, 2020, Besecker complained of vaginal bleeding to Officer Colton McPheeters. *Id.* ¶ 37. He explained that she would have to wait until the medical staff arrived. *Id.* Although a nurse arrived at 7:00 a.m., Besecker was not seen until 9:15 a.m. *Id.* ¶ 38. Based on her symptoms and complaints of pain, Besecker was eventually transferred to a hospital. *Id.* ¶ 39. At the hospital, doctors determined that Besecker had suffered a spontaneous abortion. *Id.* ¶ 40.

Besecker currently has two active lawsuits in this district. The first lawsuit, *Besecker I*, was filed on July 12, 2021 against Frank Loop, Brandon Reardon, Zachary Schaefer, Roy Washington, Courtney Nichols, and Marlena Beacraft ("*Besecker I* Defendants"). In that suit, Besecker brought a Fourteenth Amendment objective unreasonableness claim against all Defendants, a *Monell* claim against Defendant Loop, and state-law negligence claims against all Defendants. The second lawsuit, *Besecker II*, was filed on July 6, 2022, against the *Besecker I* Defendants as well as fourteen additional defendants: Colton McPheeters, Elisha Amsler, Matthew Myers, Logan Foreman, Rebekah Carkuff, Melvin Hughes, Miranda Geary, Christopher Zelivetz, David Lock, Isaac Crafton, Seth Christian, Kyle Warren, Advanced Correctional Healthcare, Inc. ("ACH"), and USA Medical & Psychological Staffing, P.C. ("USA Medical") (all collectively, the "*Besecker II* Defendants"). In this suit, Besecker pursues Fourteenth Amendment objective unreasonableness claims against all Defendants; *Monell* claims against Defendants Loop, ACH, and USA Medical; and state-law negligence claims against ACH, USA Medical, and the individual medical defendants. Both lawsuits concern the medical treatment Besecker received at the Jail.

4

The *Besecker II* Defendants now jointly move to dismiss all of Besecker's claims. They assert that, by filing this lawsuit, Besecker has improperly split her claims into two separate lawsuits, and that she should have brought them in *Besecker I*. (Filing Nos. 32, 33). Besecker responds that this lawsuit should proceed for two reasons: (1) *Besecker II* was filed to avoid the constraints of the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq*.; and (2) final judgment has not yet been entered in *Besecker I*.

### III.   DISCUSSION

Before reaching the merits, the Court must first be address two procedural matters.

First, Defendants Loop, McPheeters, Reardon, and Schaefer have filed a motion for leave to file a supplemental brief in support of the motion to dismiss on April 26, 2023 (Filing No. 50). They highlight that the Court has now granted summary judgment to Defendants Loop, Reardon, and Schaefer in *Besecker I*, and so *res judicata* now bars Besecker's claims. This motion, (Filing No. 50), is **denied** because supplemental briefing is unnecessary. The Court is aware of the summary judgment ruling in *Besecker I*, and to the extent it impacts the analysis of the motion to dismiss, such impact is encompassed in the rulings below.

Second, at an April 20, 2023, status conference, Besecker agreed to voluntarily dismiss many of the *Besecker II* Defendants by no later than May 5, 2023. *See* Filing No. 49 (noting that Besecker had voluntarily agreed to dismiss Defendants Elisha Amsler, Matthew Myers, Logan Foreman, Rebekah Carkuff, Melvin Hughes, Miranda Geary, Christopher Zelivetz, David Lock, Isaac Crafton, Seth Christian, and Kyle Warren.) That notice has been filed. (Filing No. 53). Accordingly, the remainder of this Order discusses only McPheeters, ACH, and USA Medical as the *Besecker II* Defendants. With those observations, the Court now turns to the merits.

"The rule against claim splitting prohibits a plaintiff from bringing a new case raising issues arising out of the same transaction or occurrence as an earlier case, when those issues could have been raised in the first litigation." *Rexing Quality Eggs v. Rembrandt Enterprises, Inc.*, 953 F.3d 998, 1002 (7th Cir. 2020). "When a plaintiff brings [] a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory, claim splitting has occurred, and the suit cannot be maintained." *Scholz v. United States*, 18 F.4th 941, 951 (7th Cir. 2021). A dismissal on claims splitting grounds has been viewed as a matter of docket management and is left to the sound discretion of the district court. *Id.* at 950 – 51.

Claims splitting in duplicative lawsuits is a subset of the *res judicata* doctrine. *Id.* "[A] court should find that a plaintiff split her claims when (1) the second claim is based on the same transaction or occurrence as the first claim and there (2) an identity of parties or their privies." *Rexing*, 953 F.3d at 1002. The essential question is "whether the first suit, assuming it were final, would preclude the second suit." *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 42 F.4th 688, 697–98 (7th Cir. 2022) (citations omitted).

In the Court's view, the question of whether Besecker has improperly split her claims turns on the identity of the parties. As will be discussed below, Besecker *has* improperly split her claims against the *Besecker I* Defendants (Loop, Reardon, Schaefer, Washington, Nichols, and Beacraft). But Besecker *has not* improperly split her claims against the new *Besecker II* Defendants (McPheeters, ACH, and USA Medical).

A. **Claims against *Besecker I* Defendants: Loop, Reardon, Schaefer, Washington, Nichols, and Beacraft**

Besecker's claims against the *Besecker I* Defendants must be dismissed in this action. The claims against these Defendants are nearly identical to those in *Besecker I*. The only difference between the two suits is that *Besecker I*, alleges negligence claims against Defendants Loop,

6

Reardon, and Schaefer. Those claims are not present in *Besecker II*. That distinction, however, is immaterial to the Court's analysis. Both actions arise out of Besecker's incarceration at Floyd County Jail in July 2020. The identities of the parties are also the same. Besecker has therefore improperly split her claims as to these Defendants. *Scholz*, 18 F.4th at 956 (affirming dismissal on claims splitting grounds where the parties' identities were the same and both of the plaintiff's lawsuits arose out of the same transaction); *see also Ware v. Illinois Dep't of Cor.*, 827 F. App'x 579, 581 (7th Cir. 2020) ("The purpose of the defense of claim preclusion is to prevent parties from relitigating claims against those whom they previously sued[.]").

Besecker contends she filed this lawsuit to avoid the constraints of the PLRA,[2] and so her claims should be permitted to proceed. But the Court rejects this contention. First, that rationale does not change the fact that her claims in this suit would be barred by *res judicata* if they were resolved to final judgment in *Besecker I*. Second, that rationale does not account for the concerns the Court previously discussed concerning the delay and rationale for bringing *Besecker II*. (*See Besecker I*, Filing No. 116.) Without explaining those again in detail, the Court notes that Besecker was released from custody in July 2021; *Besecker II* was filed nearly a year later when discovery was about to close in *Besecker I*, and Besecker offered no reason for why she did not file sooner. *Id.* at 5. In short, Besecker's desire to avoid the constraints of the PLRA is not a sufficient reason to permit these claims to proceed.

Besecker next argues that her claims against these Defendants should proceed because no final judgment has been entered in *Besecker I*. But application of the claims splitting doctrine does

---

[2] The PLRA, which applies to all suits brought by prisoners, provides for certain restrictions on civil rights suits brought by prisoners. For example, there is a limitation on damages, *see Hacker v. Dart*, 62 F. 4th 1073, 1085 (7th Cir. 2023), and there is a requirement that the prisoner exhausts her administrative remedies before filing suit, *see Porter v. Nussle*, 534 U.S. 516, 532 (2002). Ms. Besecker was incarcerated at the time she filed *Besecker I*; she was not incarcerated at the time she filed *Besecker II*.

not require a final judgment. *Scholz*, 18 F.4th at 952 ("The requirements of claim splitting are not quite as stringent and do not require claim preclusion's second factor, finality of judgment.").

Accordingly, claims against the *Besecker I* Defendants--Loop, Reardon, Schaefer, Washington, Nichols, and Beacraft---are **dismissed**.

### B.     Claims against *Besecker II* Defendants McPheeters, ACH, and USA Medical

The Court finds Besecker's claims against the remaining *Besecker II* Defendants shall proceed. It is true that they stem from the same core of operative facts as *Besecker I*. *See Nalco Co. v. Chen*, 843 F.3d 670, 674 (7th Cir. 2016) (noting plaintiffs are "obliged to raise all claims that stem from the same transaction or series of related transactions") (citing *Restatement (Second) of Judgments* § 24 (1982) (rule against claim splitting)). However, it is undisputed that these Defendants--McPheeters, ACH and USA Medical--were not a part of *Besecker I*. Additionally, Defendants have conceded that none of these parties were in privity with the *Besecker I* Defendants. ([Filing No. 37 at 6](Filing No. 37 at 6) ("Defendants do not dispute that [the *Besecker II* Defendants] are new parties and not in privity with the other Defendants named in *Besecker I*.").) Since the parties between the two suits are not identical, the rule against claim splitting allows Besecker's claims against the *Besecker II* Defendants to proceed.

Defendants contend dismissal is nonetheless appropriate. Even though the parties are not identical between the two suits, Defendants assert that permitting these claims to proceed runs afoul of this Court's case management plan in *Besecker I* and Rule 16. *See* Fed. R. Civ. P. 16. This argument has some force. After all, Besecker never sought to add these parties to *Besecker I*, and according to Defendants, the reason is because Besecker's motion to amend would have been untimely. Yet at the same time, the present suit was filed within the statute of limitations, and there is at least some disagreement over whether one of the Defendants (McPheeters) was timely

disclosed. Dismissing these claims outright would be too harsh a consequence for Besecker's alleged delay in *Besecker I*. The Court concludes Besecker's claims against the *Besecker II* Defendants—McPheeters, ACH and USA Medical—survive dismissal at this stage of the proceedings.

## IV.   CONCLUSION

For the reasons explained above, the Defendants' Motion for Leave to File Supplemental Briefing, (Filing No. 50), is **DENIED**. The Defendants' Motion to Dismiss, (Filing No. 32), is **GRANTED in part and DENIED in part**.

Dismissal is **granted** with respect to Defendants Frank Loop, Brandon Reardon, Zachary Schaefer, Roy Washington, Courtney Nichols, and Marlena Beacraft. The **Clerk is directed to terminate** the *Besecker I* Defendants Frank Loop, Brandon Reardon, Zachary Schaefer, Roy Washington, Courtney Nichols, and Marlena Becraft from the docket. The **Clerk is also directed to terminate** from the docket Defendants Elisha Amsler, Matthew Myers, Logan Foreman, Rebekah Carkuff, Melvin Hughes, Miranda Geary, Christopher Zelivetz, David Lock, Isaac Crafton, Seth Christian, and Kyle Warren, pursuant to Besecker's Notice of Voluntary Dismissal. (Filing No. 53).

Dismissal is **denied** with respect to Defendants Colton McPheeters, Advanced Correctional Healthcare, Inc., and USA Medical & Psychological Staffing, P.C.

The **Clerk is further directed to show as related** cases *Besecker v. Loop et al.*, 4:21-cv-00112-TWP-KMB and *Besecker v. Loop et al.*, 4:22-cv-00084-TWP-KMB. The parties shall confer and meet with the Magistrate Judge to establish a dispositive motions deadline for the claims pending against Defendants Colton McPheeters, Advanced Correctional Healthcare, Inc.,

and USA Medical & Psychological Staffing, P.C. If any claims in this case survive summary judgment, the Court will then consolidate the two cases.

**SO ORDERED.**

Date: 5/8/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Aaron J. Bentley
abentley3b@gmail.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Whitney Elizabeth Wood
KIGHTLINGER & GRAY, LLP (New Albany)
wwood@k-glaw.com

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

Travis W. Montgomery
BLEEKE DILLON CRANDALL, P.C.
travis@bleekedilloncrandall.com